# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY S. KNURR,

       **Plaintiff,**

      **v.**                             **Case No. 24-CV-685**

ANTHEM LIFE AND DISABILITY INSURANCE COMPANY and
BULTMAN FINANCIAL SERVICES,

       **Defendants.**

---

# DECISION AND ORDER

---

Anthem Life and Disability Insurance Company removed this action from state court under 28 U.S.C. § 1332. It did so despite acknowledging that complete diversity of citizenship among the parties did not exist. Plaintiff Timothy S. Knurr and defendant Bultman Financial Services are both citizens of Wisconsin. Anthem, however, argues that Knurr fraudulently joined Bultman solely in an attempt to defeat federal jurisdiction. (ECF No. 1, ¶ 3.)

Knurr asks the court to remand the action to state court. (ECF No. 4.) Anthem (ECF No. 6) and Bultman (ECF No. 31) both filed motions to dismiss. Knurr also filed a motion to substitute Anthem Life Insurance Company for Anthem Life and Disability

Insurance Company. (ECF No. 9.) But before the court can address those motions it must first determine whether it has subject matter jurisdiction.

All parties have consented to the fully jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c); (ECF Nos. 3, 8, 27).

"Fraudulent joinder[1] occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (footnote added) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)); *see also Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). "The doctrine is designed to 'strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove.'" *Morris*, 718 F.3d at 666 (quoting 14B Wright, Miller, Cooper & Steinman, § 3723 pp. 788-93).

---

[1] "Fraudulent joinder" is a misnomer because its application requires neither fraud nor joinder. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 n.9 (7th Cir. 2009); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) ("Like many legal doctrines, 'fraudulent joinder' is misnamed, since, as the cases we've just cited point out, proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction ….").

"Fraudulent joinder is difficult to establish …." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). "[A] removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris*, 718 F.3d at 666 (quoting *Poulos*, 959 F.2d at 73 (emphasis in original)). This requires "proof that the claim against the nondiverse defendant is utterly groundless …." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Consequently, the removing defendant faces a "heavy burden." *Poulos*, 959 F.2d at 73. "Doubts concerning removal must be resolved in favor of remand to the state court." *Chandler v. Walmart, Inc.*, No. 3:23-cv-1302-RJD1, 2023 U.S. Dist. LEXIS 218352, at *4 (S.D. Ill. Dec. 7, 2023) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006)); *see also Schur*, 577 F.3d at 758.

Federal courts must not conflate questions of fraudulent joinder with motions to dismiss or for summary judgment. The fraudulent joinder analysis is less searching, and thus more favorable to the plaintiff, than the court's analysis under even Rule 12(b)(6). *Bennington v. Aspide Med. & Bg Med. LLC*, No. 18 C 4964, 2018 U.S. Dist. LEXIS 240683, at *7 (N.D. Ill. Oct. 26, 2018) (citing *Schur*, 577 F.3d at 764; *Hill v. Olin Corp.*, No. 07-cv-0054-DRH, 2007 U.S. Dist. LEXIS 34955, at *14 (S.D. Ill. May 14, 2007); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)). "In fact, a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same

nondiverse defendant, who will then be dismissed from the suit." *Hill*, 2007 U.S. Dist. LEXIS 34955, at *14 (quoting *Rutherford*, 428 F. Supp. 2d at 847).

Courts must not countenance defendants using fraudulent joinder as a backdoor to get what they are not entitled to under 28 U.S.C. § 1441—a federal court decision on the merits of a claim against a non-diverse defendant. *See Schur*, 577 F.3d at 758 ("[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."). Courts must resist the creeping expansion of federal jurisdiction and reserve the application of the fraudulent joinder doctrine for the rare circumstances when the claim against the non-diverse defendant is patently meritless. If any question exists as to what the state court would do, the federal court may not shortcut the normal process of having the state court first assess the merits of the claim.

According to his complaint, about 10 years ago Knurr purchased through Bultman an Anthem disability insurance policy. (ECF No. 1-2, ¶ 4.) Bultman's employee represented to him that the policy provided for a fixed monthly benefit that was not subject to offset by any other disability benefit, such as social security. (ECF No. 1-2, ¶ 7.) However, once Knurr began receiving social security disability insurance benefits in 2024, Anthem reduced his benefits by the amount of his social security benefit. (ECF No. 1-2, ¶ 28.) In addition to various claims against Anthem, Knurr presents a claim of negligent misrepresentation against Bultman. (ECF No. 1-2, ¶¶ 53-57.)

4

"The elements of negligent misrepresentation are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant was negligent in making the representation; and (4) the plaintiff believed that the representation was true and relied on it." *Malzewski v. Rapkin*, 2006 WI App 183, ¶20, 296 Wis. 2d 98, 723 N.W.2d 156. Unlike an intentional misrepresentation claim, the plaintiff's reasonable or justifiable reliance is not an element of a negligent misrepresentation claim. *Wentzka v. Gellman*, 991 F.2d 423, 426 (7th Cir. 1993). Rather than being required, "negligent misrepresentation *inquires* whether the buyer was negligent in relying upon the representation." *Lambert v. Hein*, 218 Wis. 2d 712, 731, 582 N.W.2d 84, 92 (Ct. App. 1998) (emphasis added). Specifically, the reasonableness of the plaintiff's reliance and his overall conduct may affect his share of responsibility for his injury. *See* Wis. JI-Civil 2403 (2023). It is only because comparative negligence is not applicable to claims of intentional misrepresentation that reasonable reliance is an element of such a claim.

A finder of fact may conclude that Knurr's actions and understanding were unreasonable in light of the plain language of the policy, but that possibility does not render his claim against Bultman utterly groundless. Accepting as true the allegations in the complaint, a jury could also reasonably find that Bultman was liable for Knurr's alleged injury.

Contrary to Anthem's argument that Knurr is alleging that Bultman merely failed to disclose that Knurr's benefits would be reduced once he began receiving social

security benefits, Knurr adequately alleges that Bultman made a material misrepresentation. (ECF No. 1-2, ¶ 7.) *C.f. Eberts v. Goderstad*, 569 F.3d 757, 765 (7th Cir. 2009) ("negligent misrepresentation by nondisclosure has not been recognized as a tort in Wisconsin").

Anthem's final argument that Bultman is fraudulently joined is that any claim Knurr has against Bultman accrued more than ten years ago and thus is untimely. (ECF No. 14 at 17.) "The Seventh Circuit has held that fraudulent joinder can be found when the statute of limitations for a cause of action against a joined party had run and thus there is no possibility that a plaintiff could state a cause of action against nondiverse defendants in state court." *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1048 (C.D. Ill. 2008) (citing *LeBlang Motors v. Subaru of Am.*, 148 F.3d 680, 690 (7th Cir. 1998) ("If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.")).

Knurr argues that his negligent misrepresentation claim against Bultman is timely because, under Wisconsin's discovery rule, it accrued when he discovered his injury. (ECF No. 5 at 1-2 (quoting *Hansen v. A.H. Robins Co. Inc.*, 113 Wis.2d 550, 335 N.W.2d 578 (1983).) Although Bultman made the alleged misrepresentations ten years ago, Knurr was unaware of the misrepresentation until Anthem notified him on May 17, 2024, that it was reducing his disability payments by the amount of his social security benefits.

Anthem argues that a claim of negligent misrepresentation sounds in fraud (ECF No. 14 at 16) Therefore, the statute of limitations applicable to fraud claims, which codifies the discovery rule, *see John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶51, 303 Wis. 2d 34, 734 N.W.2d 827, applies. *See* Wis. Stat. § 893.93(1m)(b).[2] Anthem argues that it was more than ten years ago that a Knurr discovered the facts constituting the fraud. (ECF No. 14 at 16.)

There is some support for Anthem's assertion that negligent misrepresentation is a species of fraud. *Lewis v. Paul Revere Life Ins. Co.*, 80 F. Supp. 2d 978, 994 (E.D. Wis. 2000) (quoting *Whipp v. Iverson*, 43 Wis. 2d 166, 169, 168 N.W.2d 201, 203 (1969) ("Fraud is a generic and an ambiguous term. It embranches misrepresentation which may be separated into the three familiar tort classifications of intent, negligence, and strict responsibility."); *see also Bonchek v. Nicolet Unified Sch. Dist.*, No. 19-CV-425-JPS, 2019 U.S. Dist. LEXIS 219788, at *34 (E.D. Wis. Dec. 23, 2019).

However, there is also support for Knurr's position that that discovery rule does not apply. The Wisconsin Court of Appeals has held that a misrepresentation claim does not accrue until the plaintiff discovers or should have discovered his *injury* (as opposed to "the facts constituting the fraud"). *Selzer v. Brunsell Bros.*, 2002 WI App 232, ¶31 n.10, 257 Wis. 2d 809, 652 N.W.2d 806; *see also Nierengarten v. Lutheran Soc. Servs.*, 219 Wis. 2d 686, 696, 701-02, 580 N.W.2d 320, 324, 327 (1998) (discussing *Meracle v. Children's Serv.*

---

[2] Anthem incorrectly cites the relevant provision as Wis. Stat. § 893.93(1)(b). It was renumbered by 2017 Wis. Act 235.

*Soc'y*, 149 Wis. 2d 19, 26, 437 N.W.2d 532, 534 (1989) and applying Wis. Stat. § 893.54 to claim of negligent misrepresentation); *cf. Schimpf v. Gerald, Inc.*, 52 F. Supp. 2d 976, 1007 (E.D. Wis. 1999) (holding that a negligent misrepresentation claim is governed by Wis. Stat. § 893.52).

When a matter is before the court on a claim of fraudulent joinder, a federal court must be especially cautious in addressing unsettled questions of state law. *See Lucky Lincoln Gaming LLC v. Hartford Fire Ins. Co.*, No. 3:20-cv-01110-NJR, 2021 U.S. Dist. LEXIS 71888, at *10-11 (S.D. Ill. Apr. 14, 2021). Not only are matters of state law generally best resolved by state courts, but a federal court would be hard pressed to characterize the plaintiff's position as utterly groundless when the relevant law is uncertain. Beyond the uncertain law, there are factual questions as to what Knurr knew and when. Against this backdrop the court cannot say that Anthem sustained its burden to show that Knurr fraudulently joined Bultman.

**IT IS THEREFORE ORDERED** that Knurr's motion to remand (ECF No. 4) is **granted**. This action is remanded to Ozaukee County Circuit Court. *See* 28 U.S.C. § 1447(c).

Dated at Milwaukee, Wisconsin this 20th day of August, 2024.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge